## Kevin Wildenstein

| | |
|---|---|
| **From:** | RossPerkal@aol.com |
| **Sent:** | Wednesday, December 03, 2014 12:26 PM |
| **To:** | SNewman@BHFS.com; klw@swiplaw.com; saraduncan708@aol.com |
| **Cc:** | MFitzgerald@BHFS.com; NYoo@BHFS.com; AKrause@BHFS.com |
| **Subject:** | Re: Notice of Subpoenas Email 1 |

Ashley and Martha--<u>**URGENT DEMAND TO WITHDRAW THIRD PARTY SUBPOENAS**</u>

Please see TMBP Rule 406 Requests for Production of Documents and Things and Electronically Stored Information.

See 406.01 When Permitted and By Whom.

The Subpoenas which Ms. Newman sent to me and to Kevin on December 1, 2014 at 5:32 pm. violate this TMBP Rule.

Please SEE the last sentence of 406.01:

Requests for production may not be served on a non-party.  (citing to Fed. R. Civ. P. 34 (a)).

**DEMAND is hereby made that EE/HCA immediately withdraw the wrongful subpoenas and if they have been served, that EE/HCA immediately notify the third parties upon whom they have already been served to ignore them and that they do not have to comply or do anything and apologize for any inconvenience the error may have caused them.**

While it is true that we all make mistakes from time to time, this one may have the effect of damaging HCC's relationships with those third parties and/or of damaging the third parties to the extent that they have already incurred legal fees and costs in responding to the wrongfully issued and served Subpoenas, and/or administrative time and fees in commencing to comply with the wrongfully issued Subpoenas.

In light of the clear language of the TTAB and the TMBP rules, this error must immediately be rectified and all damages mitigated.

Please notify me IMMEDIATELY that you will comply with this reasonable HCC request so that HCC is not forced to seek sanctions against your law firm and your clients.

It appears that this was and/or is an attempt to circumvent the 30 day prior notice requirement for setting depositions and such attempt will not be tolerated by HCC.

Your professional courtesy and cooperation in fixing this serious error will be greatly appreciated.

I can be reached by phone this PM at 505-259-7452

Respectfully,

Ross B. Perkal

xc:  HCC Board of Directors
      Kevin L. Wildenstein, Esq.
      HCC Special Litigation Counsel

Exhibit 15



ROSS B. PERKAL
LAWYER

1015 LAUREL DRIVE SE
ALBUQUERQUE, NEW MEXICO 87108
PHONE 505.797.4000
ROSSPERKAL@AOL.COM

In a message dated 12/1/2014 5:32:09 P.M. Mountain Standard Time, SNewman@BHFS.com writes:

Gentlemen,

Attached please find notice regarding subpoenas and the attached subpoenas.  Hard copies will arrive via U.S. Mail.  These subpoenas will be sent via 2 emails due to size.

**Shirley M. Newman**
Paralegal
**Brownstein Hyatt Farber Schreck, LLP**
410 Seventeenth Street, Suite 2200
Denver, CO 80202
303.223.1376 tel
SNewman@BHFS.com

STATEMENT OF CONFIDENTIALITY & DISCLAIMER: The information contained in this email message is attorney privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this email is strictly prohibited. If you have received this email in error, please notify us immediately by calling (303)-223-1300 and delete the message. Thank you.

Exhibit 15

## Kevin Wildenstein

**From:**          RossPerkal@aol.com
**Sent:**          Friday, December 05, 2014 7:53 PM
**To:**            akrause@bhfs.com
**Cc:**            klw@swiplaw.com; RossPerkal@aol.com
**Subject:**       Ashley...

the week ended without your making any comment upon or responding to my demand that Martha
voluntarily withdraw each of the numerous Subpoenae which she apparently got issued and is in
the process of serving upon the numerous HCC vendors named therein.

among the many issues we now face, EE/HCA's ignoring the obvious mistake made in wrongly obtaining
(and serving) those Subpoenae.  I have researched this matter, Kevin has done so separately and a third litigator has
done the same and we all come up with the identical conclusions:

1.  Under the TTAB Rules a party can't simply issue a subpoena at will and obtain documents from a third party, unlike
normal United States District Court cases, unless there is a corresponding deposition notice served with the
subpoena.  For Martha to do so on the day that the extended discovery deadline was expiring was disingenuous at best
and something much more damaging at worst.

2.  Martha apparently overlooked the relevant TTAB Rule that production from a third party is only allowed if and when a
corresponding deposition takes place and that can't happen now.

3.  EE/HCA may try to obtain the information sought in the Subpoenae and then use that to try to reopen discovery, but
HCC is not going to allow that to occur and since there were no notices of deposition in the TTAB Matter to accompany
the Subpoenae, it is too late to do so now.   Your clients had plenty of time once discovery was reopened to do so, but for
its own reasons waited until the last day to make this inappropriate attempt.

In its last order which did reopen discovery through December 1, the TTAB made a sua sponte finding of fact that there
had been more than enough time to conduct and finalize its discovery in the action.  The TTAB is not likely to look with
favor upon what Martha has done now.  **We have no interest in discrediting Martha nor your firm nor your clients so
long as you will voluntarily withdraw those improvidently issued Subpoenae and so advise me by NOON
tomorrow, December 6, 2014, ABQ time.**

Should you fail to do so, and this is my second nice attempt to convince you that you must do so, then while it is true that
the TTAB may not issue sanctions against your clients, each of the U.S. District Courts can and will do so.  In addition, to
the extent that any of the third party vendors are damaged, I would expect their counsel to seek actual damages from your
clients.   If those counsel ask HCC why they are being dragged into this action in an untimely manner just prior to the
Xmas holidays and forced to expend administrative and management time on the responses which are not legally due,
then I would expect them to demand that HCC reimburse them for their actual out of pocket and legal damages and then
HCC will have no choice but to pass on those reimbursed damages to your clients.

Please let me have your decision either way by the deadline above.

Kevin and I are at the UNM Law Library this evening drafting the various Motions for Protective Order and to Quash
Improvidently Issued Subpoenae and we will be working on this project all day Saturday and Sunday,due to your lack of
any response to my prior, professional request.

Respectfully,

Ross B. Perkal

Exhibit 15



1015 Laurel Drive SE
Albuquerque, New Mexico 87108
phone 505.797.4000
rossperkal@aol.com

Exhibit 15